**AN HUI HE, Petitioner**

v.

**Eric H. HOLDER, Jr., U.S. Attorney General, Respondent.**

No. 10–60115

Summary Calendar.

United States Court of Appeals, Fifth Circuit.

Dec. 17, 2010.

An Hui He, Monterey Park, CA, pro se.

Lynda A. Do, Tangerlia Cox, U.S. Department of Justice, Office of Immigration Litigation, Washington, DC, for Respondent.

Before KING, BENAVIDES, and ELROD, Circuit Judges.

PER CURIAM: *

---

An Hui He, a native and citizen of China, applied for asylum, withholding of removal, and relief under the Convention Against Torture (CAT) alleging persecution on account of his Christian faith and his violation of China's family planning policy. His application was denied based on an adverse credibility finding by the immigration judge (IJ), which was upheld by the Board of Immigration Appeals (BIA) when it dismissed He's administrative appeal.

He asserts that the IJ and BIA erred in determining that his persecution claim was not credible. He attempts to explain why each of the discrepancies, omissions, and implausibilities relied upon by the immigration court should not have resulted in an adverse credibility finding. He does not address the IJ's finding that his demeanor during the hearing indicated that his testimony was not credible.

We review the factual findings of an immigration court for substantial evidence. *Zhu v. Gonzales,* 493 F.3d 588, 594 (5th Cir.2007). "Under this standard, reversal is improper unless we decide not only that the evidence supports a contrary conclusion, but [also] that the evidence *compels* it." *Zhang v. Gonzales,* 432 F.3d 339, 344 (5th Cir.2005) (internal quotation marks and citation omitted). Among the findings of fact that we review for substantial evidence is the conclusion that an alien is not eligible for asylum, withholding of removal, or relief under the CAT. *Id.*

Pursuant to the REAL ID Act of 2005, "an IJ may rely on any inconsistency or omission in making an adverse credibility determination as long as the totality of the circumstances establishes that an asylum applicant is not credible." *Wang v. Holder,* 569 F.3d 531, 538 (5th Cir.2009) (internal quotation marks and citation omitted); *see also* 8 U.S.C. § 1158(b)(1)(B)(iii). We will "defer therefore to an IJ's credibility determination unless, from the totality of the circumstances, it is plain that no reasonable fact-finder could make such an adverse credibility ruling." *Wang,* 569 F.3d at 538 (internal quotation marks and citation omitted).

The adverse credibility finding here is supported by substantial evidence. There were inconsistencies, omissions, and implausibilities throughout He's initial asylum interview, his asylum application, the supporting documentation, and his testimony concerning the alleged persecution of his family. He has not demonstrated that "it is plain that no reasonable fact-finder could make ... an adverse credibility ruling." *Wang,* 569 F.3d at 538 (internal quotation marks and citation omitted). Accordingly, we defer to the findings of the BIA and the IJ that He's testimony was not credible. *See id.* Without a credible showing that he suffered past persecution or reasonably fears future persecution or torture, He fails to meet his burden for showing entitlement to relief. *See Zhang,* 432 F.3d at 344–45.

PETITION DENIED.